USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MARIO ELPIDIO CHAVEZ MILLAN,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY/
MONEY JUDGMENT

23 Cr. 451 (VB)

WHEREAS, on or about August 29, 2023, MARIO ELPIDIO CHAVEZ MILLAN (the "Defendant"), was charged in an Indictment, 23 Cr. 451 (VB) (the "Indictment"), with conspiracy to commit kidnapping, in violation of Title 18, United States Code, Section 1201(c) (Count One); kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1) (Count Two); conspiracy to transport aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) (Count Three); and transporting aliens for financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) (Count Four);

WHEREAS, the Indictment included, *inter alia*, a forfeiture allegation as to Counts Three and Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 982(a)(6), of all conveyances, including any vessel, vehicle, or aircraft, used in the commission of the offenses charged in Counts Three and Count Four of the Indictment, and all property traceable to such conveyances; the gross proceeds of the offenses charged in Counts Three and Count Four of the Indictment, and all property traceable to such proceeds; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses charged in Counts Three and Count Four of the Indictment; and all property, real and personal, that was used to facilitate, or was intended to be used to facilitate,

the commission of the offenses charged in Counts Three and Count Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Three and Count Four of the Indictment;

WHEREAS, on or about May 7, 2024, the Defendant pled guilty to Count Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 982(a)(6): (i) a sum of money equal to $5,739 in United States currency, representing the proceeds traceable to the commission of the offenses charged in Count Three of the Indictment; and (ii) all right, title and interest of the Defendant in the following property:

    a.    a black Chevrolet Tahoe, VIN number 1GNSC6E0XBR191640;

WHEREAS, in addition to the black Chevrolet Tahoe described above, the Defendant also agrees to forfeit to the United States, pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 982(a)(6), all right, title, and interest of the Defendant in $4,739 in United States currency seized from the Defendant at the time of his arrest (together with the black Chevrolet Tahoe, VIN number 1GNSC6E0XBR191640, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $5,739 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property used to facilitate the commission

of the offense charged in Count Three of the Indictment and/or the gross proceeds of the offense charged in Count Three of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Three of the Indictment, that the Defendant personally obtained, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, David A. Markewitz of counsel, and the Defendant, and his counsel, Benjamin Gold, Esq., that:

1. As a result of the offense charged in Count Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $5,739 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Three of the Indictment, that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count Three of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, Mario Elpidio Chavez Millan, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance & Money Laundering Unit, 38th Floor, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty

(30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          10/9/24
David A. Markewitz                                         DATE
Assistant United States Attorney
50 Main Street
White Plains, NY 10606
(914) 993-1920


MARIO ELPIDIO CHAVEZ MILLAN

By: _____          10/3/24
Mario Elpidio Chavez Millan                        DATE


By: _____          10/3/24
Benjamin Gold, Esq.                                       DATE
Federal Defenders of New York, Inc.
Attorney for Defendant
81 Main Street, Suite 300
White Plains, NY 10601
Ben_gold@fd.org


SO ORDERED:

_____          10/9/2024
HONORABLE VINCENT L. BRICCETTI        DATE
UNITED STATES DISTRICT JUDGE